## THE ARAKAN.

(District Court, N. D. California, First Division. July 17, 1922.)

No. 16998.

Salvage ⊚⇒30—Compensation for salvage of ship stranded at sea.

A salvage award of $30,000, in addition to the expenses of the salving vessel, made for the rescue of a steamship, worth with cargo $1,435,000. stranded on the seacoast and in a position of great peril where the salving vessel, worth $150,000, was equipped and manned for such serv-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ice, did efficient work and was subjected to danger in finding and approaching the stranded ship in the darkness and fog.

In Admiralty. Suit for salvage by D. J. Hanlon against the Dutch steamer Arakan; the Rotterdamsche Lloyd and W. Von Renkel, claimants. Decree for libelant.

William Denman, William B. Acton, Thomas A. Thacher, and John W. Preston, all of San Francisco, Cal., for libelant.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for claimants.

DOOLING, District Judge. This is an action for salvage, and the facts, briefly stated, are as follows:

The stranded Arakan was in a position of great danger, where, in heavy seas or upon the subsidence of any high tide, she might break apart. The Homer was sent to her rescue by her agent, and no agreement was made as to what the owner of the Homer should receive for her services. The Homer's equipment was used in the salving operations by her own crew, and the method of such use was the method devised by those on board the Homer, whether the operation was directed or approved by Capt. Brown or not. While other factors assisted in salving the Arakan, she could not have been taken from her dangerous position without the aid of the Homer. The value of the Arakan and her cargo was $1,435,000, and the value of the Homer and her equipment was $150,000.

The approach of the Homer to the Arakan was not without danger, as she had to hug the coast in the fog and darkness in order to locate the latter's position, though no special danger attended the operation after she arrived. The Homer was properly equipped as a salvage vessel and maintained for that purpose. There was no negligence on the part of the Homer in not starting earlier, or in not reaching the Arakan earlier. The expense to the Homer of the salvage operations was $8,578.56, and the crew of the Homer, having been employed for these operations, are not entitled to extra compensation as salvors.

These being the substantial facts, it is not easy to say what would be a just award. There is no fixed rule in such cases. There are many factors to be considered, but no definite rule as to the money value of any of them. The essential ingredients to be considered in determining the amount to be awarded in salvage cases are set forth by the Circuit Court of Appeals for this circuit in the case of The Flottbek, 118 Fed. 954, at page 957, 55 C. C. A. 448, and need not be repeated here. Taking into consideration all the elements there enumerated, and considering particularly the value of the property saved, the great peril from which it was rescued, the value of the property employed by libelant in rendering the service, and that such property was exposed to real danger in going to the scene of operations, together with the all-important fact that, but for the services of the Homer, the Arakan could not have been pulled off the sand, and examining other awards made and upheld, I am of the opinion that libelant should

recover the amount expended, $8,578.56, plus a salvage award of $30,000.

A decree will therefore be entered for the sum of $38,578.56 and costs.